UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY STURGEON,

    Petitioner,

v.

CASE NO. 13-CV-12512
HONORABLE DENISE PAGE HOOD

J.A. TERRIS,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE
PETITION FOR A WRIT OF HABEAS CORPUS**

**I.    Introduction**

Terry Sturgeon ("Petitioner"), a federal prisoner currently incarcerated at the Federal Correctional Institution in Milan, Michigan ("FCI Milan"), has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 concerning his participation/non-participation in the Inmate Financial Responsibility Program ("IFRP") administered by the Federal Bureau of Prisons ("BOP"). Respondent has filed a motion to dismiss the petition contending that it has been rendered moot because Petitioner has signed a new agreement to participate in the IFRP.

**II.    Facts and Procedural History**

Petitioner pleaded guilty to conspiracy to distribute a controlled substance, conspiracy to commit money laundering, and criminal forfeiture in the United States District Court for the Central District of Illinois in 2004. He was sentenced to 365 months imprisonment (later reduced to 328 months) and lifetime probation. He was also ordered

to pay an assessment of $200.00 and a fine of $25,000.00, due immediately, but with no interest because of his inability to pay. Petitioner has a projected release date of November 6, 2025.

Petitioner participated in the IFRP from April, 2004 to December, 2012 making monthly or quarterly payments ranging from $25.00 to $60.00. In July, 2012, a unit team at FCI Milan reviewed Petitioner's IFRP participation and raised his monthly payment from $25.00 to $50.00. Petitioner agreed to this plan. Petitioner made the increased payments from September, 2012 to December, 2012. He then refused to make further payments and was placed on "IFRP-refuse" status.

Petitioner filed his federal habeas petition challenging the IFRP in June, 2013. In his petition, he asserts that the BOP lacks the authority to set a schedule (as to amounts or timing) for his court payments because such matters are for the sentencing court to determine, that the BOP is violating the Mandatory Victims Restitution Act ("MVRA"), and that the BOP is violating his due process rights by denying him privileges based upon his refusal to participate in the IFRP. He asks to be removed from "IFRP-refuse" status and to have his privileges restored.

In July, 2013, during the pendency of his habeas proceedings, a unit team at FCI Milan again met with Petitioner to review his IFRP status. Petitioner agreed to pay $25.00 per quarter starting in September, 2013. Petitioner was then removed from "IFRP-refuse" status and placed on "IFRP-participate" status. In September, 2013, Respondent filed a motion to dismiss the habeas petition contending that it had been rendered moot by Petitioner's new agreement to participate in the IFRP. In October, 2013, Petitioner filed a response to the motion asserting that his petition is not moot because he seeks to be

exempt from participating in the IFRP.

## III.    Discussion

A writ of habeas corpus may be granted to a federal prisoner who is in custody in violation of the Federal Constitution, or the laws or treaties of the United States. 28 U.S.C. § 2241(b)(3). The United States Attorney General, through the Bureau of Prisons, is responsible for administering the sentences of federal prisoners. *United States v. Wilson*, 503 U.S. 329, 335 (1992). Petitioner's challenge to the IFRP and the payment of his court assessment and fine concerns the execution of his sentence and is therefore properly brought pursuant to § 2241. *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002).

The IFRP is a work program run by the Bureau of Prisons to encourage "each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. The program allows for the development of a financial plan so that inmates may satisfy enumerated obligations, such as fines and restitution payments, while incarcerated. 28 C.F.R. § 545.11(a). While the program is voluntary, refusal to participate in the program is not without consequences. For example, an inmate who refuses to participate in the IFRP will not receive performance pay above the maintenance pay level, bonus pay or vacation pay; will not be assigned any work detail outside the facility; will be subject to a stringent monthly commissary spending limit; will not receive incentives for participating in the residential drug treatment program; and will be housed in the lowest housing status. 28 C.F.R. § 545.11(d).

Petitioner instituted this action when he was placed on "IFRP-refuse" status in 2013. Since his initial filing, Petitioner's IFRP status has changed. He has signed a new financial plan agreeing to pay $25.00 per quarter and has been placed in "IFRP-participate" status.

Consequently, Respondent argues that the habeas petition should be dismissed as moot. Federal courts are "without power to decide questions that cannot affect the rights of the litigants before them." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (quoting *Aetna Life Ins. Co. v. Hayworth*, 300 U.S. 227, 240-41 (1937)). To satisfy the Article III case or controversy requirement, a litigant "must have suffered some actual injury that can be redressed by a favorable judicial decision." *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70 (1983); *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 38 (1976). A case is moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1984). To the extent that Petitioner asks to be removed from "IFRP-refuse" status and to regain privileges that were lost when he refused to participate in the IFRP, his petition is moot because he is again participating in the IFRP and is no longer on "IFRP-refuse" status with the adjacent loss of privileges.

Petitioner, however, further seeks to be placed on IFRP "exempt" status based upon his belief that the BOP lacks the authority to set a schedule (as to amounts or timing) for his court payments. He claims that such matters are for the sentencing court to determine, that the BOP is violating the MVRA, and that the BOP is violating his due process rights by requiring him to participate in the IFRP or face a loss of privileges. Petitioner's request for exempt status is not rendered moot by his renewed participation in the IFRP.

Nonetheless, Petitioner is not entitled to relief from this Court because his claims lack merit. First, the United States Court of Appeals for the Sixth Circuit has "implicitly endorsed" the IFRP, *see Weinberger v. United States*, 268 F.3d 346, 360 (6th Cir. 2001);

4

and courts have rejected the argument that the IFRP usurps a sentencing court's Article III powers or is a violation of the separation of powers doctrine. *See, e.g., Montana-Figuero v. Crabtree*, 162 F.3d 548, 550 (9th Cir. 1998). Courts have explained that where a court imposes a fine or assessment due immediately but does not set a payment schedule, there is no improper delegation of authority. *See United States v. Ellis*, 522 F.3d 737, 738-39 (7th Cir. 2008) (citing *McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir. 1999), and discussing the difference between fines due immediately under the fine statute and restitution payments made under the MVRA); *Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002) (holding that the BOP has discretion to administer the IFRP); *see also Costigan v. Yost*, 318 F. App'x 58, 60 (3d Cir. 2008) (ruling that the sentencing court was not required to set a payment schedule for a special assessment and affirming the district court's denial of a federal prisoner's habeas petition). As explained by another judge in this District,

> In accordance with 18 U.S.C. § 3572(d)(1), the sentencing court has already determined the amount and timing of the criminal fine Petitioner must pay. The sentencing court has never permitted, nor authorized, the BOP to determine installment payments or set the timing of those payments, nor did the court relinquish to the prison system or the IFRP ultimate authority to establish its own criminal fine. Instead, the sentencing court merely permits Petitioner to pay his criminal fine, through the BOP's financial program. As such, allowing Petitioner to participate in the IFRP is not an abdication of the sentencing court's "core judicial function;" the IFRP simply allows Petitioner to satisfy payment of his criminal fine through a BOP program.

*White v. Eichenlaub*, No. 08-13131, 2008 WL 4427938, *4 (E.D. Mich. Sept. 30, 2008) (denying habeas relief on similar claim).

Second and relatedly, the BOP is not violating the MVRA. Under the MVRA, "[a] person sentenced to pay a fine or other monetary penalty, including restitution, shall make

such payment immediately, unless . . . the court provides for payment on a date certain or in installments." 18 U.S.C. § 3572(d)(1). With restitution, the MVRA also mandates that the sentencing order include a payment schedule in consideration of the defendant's economic circumstances. 18 U.S.C. § 3664(f)(2). The Sixth Circuit has ruled that a sentencing court must set a payment schedule for restitution. *See United States v. Davis*, 306 F.3d 398, 426 (6th Cir. 2002) (following *United States v. Coates*, 178 F.3d 681, 683 (3d Cir. 1999), and remanding case to sentencing court to set payment schedule for restitution). Significantly, however, there is no analogous requirement for the imposition of an assessment or fine, which are due immediately unless the court provides otherwise. *See* 18 U.S.C. §§ 3013(b), 3572(d). In Petitioner's criminal case, the sentencing court imposed an assessment and a fine, both due immediately, but did not order restitution. Consequently, the MVRA's requirement that the sentencing court establish a schedule for restitution payments is not implicated.

Third, the IFRP does not violate due process. The Sixth Circuit, and other federal courts, have upheld the constitutionality of the IFRP. *See United States v. Callan*, 96 F. App'x 299, 301 (6th Cir. 2004) (noting "the complete absence of any constitutional, statutory, or decisional authority for the proposition that a federal district court has the subject matter jurisdiction to micro-manage the IFRP for the Bureau of Prisons" and the authority that supports the IFRP against general, and due process, challenges). As the Sixth Circuit has noted, "due process challenges to the IFRP have uniformly been rejected." *Weinberger*, 268 F.3d at 361, n. 6. Courts have ruled that the IFRP clearly serves valid penological interests of rehabilitation and that a prisoner's having to choose between participation in the program or risking significant penalties does not violate a

prisoner's constitutional rights. *See Matheny*, 307 F.3d at 712 (upholding the IFRP against general and due process challenges); *United States v. Lemoine*, 546 F.3d 1042, 1049 (9th Cir. 2008) (upholding the IFRP and citing *McKune v. Lile*, 536 U.S. 24, 39 (2002), for the principle that the use of incentives to encourage compliance in a rehabilitative program does not render it unconstitutional or unlawful); *United States v. Williams*, 996 F.2d 231, 234 (10th Cir. 1993) (citing authority upholding the constitutionality of the IFRP); *Montana-Figuero*, 162 F.3d at 549 (requiring inmate to pay court-imposed fine under the IFRP is not unconstitutional); *Dorman v. Thornburgh*, 955 F.2d 57 (D.C. Cir. 1992) (rejecting due process and excessive punishment claims of prisoner who was removed from work assignment for refusing to participate in the IFRP).

Moreover, while prisoners who refuse to participate in the IFRP can suffer adverse consequences, the privileges that can be lost, such as a prison job or a more favorable housing assignment, are not constitutionally guaranteed, *see, e.g., Johnson v. Rowley*, 569 F.3d 40, 44 (2d Cir. 2009) (a federal prisoner "has no protected property interest in a UNICOR job assignment"); *Dunn v. White*, 880 F.2d 1188, 1198 (10th Cir.1989) (inducements regarding prison placement do not infringe on a protected liberty interest), and the consequences are reasonably related to penological interests and do not constitute an atypical and significant hardship in relation to the ordinary incidents of prison life. *Lemoine*, 546 F.3d at 1049-50. Petitioner thus fails to establish a violation of his due process rights, or any other constitutional provision, in his pleadings. Habeas relief is not warranted.

### IV. Conclusion

Based upon the foregoing discussion, the Court concludes that Petitioner is not entitled to federal habeas relief on his claims. Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus. The Court notes that a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed under 28 U.S.C. § 2241. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Consequently, Petitioner need not apply for one with this Court or with the Sixth Circuit before seeking to appeal this decision. This case is closed.

**IT IS SO ORDERED**.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: July 31, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 31, 2014, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager